IRIS R. BRADSTREET (SBN 306678)
SAG-AFTRA
5757 Wilshire Boulevard, 7th Floor
Los Angeles, California 90036-3600
Telephone:  (323) 549-6084
Facsimile:   (323) 549-6624
Iris.Bradstreet@sagaftra.org

Attorney for Petitioner
Screen Actors Guild - American Federation
of Television and Radio Artists

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SCREEN ACTORS GUILD-
AMERICAN FEDERATION OF
TELEVISION AND RADIO
ARTISTS, a non-profit corporation on
behalf of Affected Performers,

Petitioner,

v.

UFO PICTURES LLC,

Respondent.

Case No.  2:24-cv-9933

**NOTICE OF MOTION AND
MOTION FOR ORDER
CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF
JUDGMENT IN CONFORMITY
THEREWITH; MEMORANDUM OF
POINTS AND AUTHORITIES; AND
DECLARATION OF IRIS R.
BRADSTREET IN SUPPORT
THEREOF**

Date:
Time:
Place:
Judge:

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____,

2019, at _____ a.m./p.m., or as soon as this matter may be heard, petitioner

Screen Actors Guild-American Federation of Television and Radio Artists

("Union"), as successor-in-interest to Screen Actors Guild, Inc., will move, and

hereby does move, the United States District Court, located in Courtroom ____ at

_____, Los Angeles, California, for an Order that:

1.    Confirms the arbitration award in favor of Union and against Respondent UFO PICTURES LLC ("Respondent"), Union Case No. TM 14017, dated November 18, 2020 ("Arbitration Award"), in all respects;

2.    Enters judgment in conformity therewith;

3.    Awards Union attorney's fees and costs;

4.    Awards such other and further relief as the Court deems just and proper.

This motion is made pursuant to a collective bargaining agreement by which Union obtained the Arbitration Award against Respondent and which expressly provides that the present Court may confirm the Arbitration Award.

This Court's jurisdiction arises under section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") (29 USC § 185(a)), as amended, which grants the District Court original jurisdiction over actions relating to violations of collective bargaining agreements between an employer and a labor organization in an industry affecting interstate commerce, without regard to the amount in controversy or the citizenship of the parties.

Venue is proper in the Central District of California because the Arbitration Award was issued in this district.

This motion is based upon this Notice of Motion and Motion as well as the attached Memorandum of Points and Authorities, Declaration of Iris R. Bradstreet, all pleadings and papers on file, and upon such further oral or documentary evidence that may be presented at the time of hearing.

Pursuant to Local Rule 7-3, Union sent a meet and confer letter to Respondent's last known addresses on October 1, 2024. As of the date of this filing, Union has not been able to resolve this matter with Respondent.

1  Dated: October 1, 2024                    Respectfully Submitted,

2                                            SCREEN ACTORS GUILD-
3                                            AMERICAN FEDERATION OF
                                             TELEVISION AND RADIO ARTISTS
4

5                                            By: /s/ Iris R. Bradstreet
6                                                 Iris R. Bradstreet
                                                  Attorney for Petitioner
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION
                                 FOR ORDER CONFIRMING ARBITRATION AWARD
                                        AND FOR ENTRY OF JUDGMENT

1
2
## MEMORANDUM OF POINTS AND AUTHORITIES

3    Petitioner Screen Actors Guild-American Federation of Television and Radio
4    Artists ("Union"), as successor-in-interest to Screen Actors Guild, Inc. ("SAG"),
5    respectfully submits the following Points and Authorities in support of its motion
6    to confirm an arbitration award and enter a corresponding judgment.

7                      I.    STATEMENT OF FACTS

8    A.    The Parties and Underlying Dispute

9    Union is the successor-in-interest to SAG and is a union that represents
10   nearly 165,000 media artists who work in motion pictures, television, radio, the
11   internet, and other media formats. (Declaration of Iris R. Bradstreet ("Bradstreet
12   Dec."), ¶ 3.)   Respondent UFO Pictures, LLC ("Respondent" or "Producer")
13   executed a Theatrical Adherence Letter ("TAL") dated February 27, 2019 and a
14   SAG-AFTRA Ultra Low Budget Agreement ("ULBA") dated March 12, 2019
15   binding the Producer to the SAG-AFTRA Codified Basic Agreement of 2014, as
16   amended ( "Basic Agreement" or "CBA"). (Bradstreet Dec., ¶ 4.) True and correct
17   copies of TAL and ULBA are attached to Declaration of Iris R. Bradstreet as
18   Exhibits A and B, respectively. [1]

19   Producer is signatory to, or otherwise bound by, the terms and conditions of
20   a collective bargaining agreement, the SAG-AFTRA Codified Basic Agreement of
21   2014, as amended. ("Basic Agreement" or "CBA").   (Bradstreet Dec., ¶ 5.)  True
22   and correct copies of the relevant portions of the Basic Agreement are attached to
23   the Declaration of Iris R. Bradstreet as Exhibit C. [2]

24   Pursuant to the terms of the TAL, ULBA, and the Basic Agreement,
25   Producer produced the Picture using Union actors or other performers covered by
26   said agreements (collectively "Performers").  (Bradstreet Dec., ¶6.)

27
28
---
[1] All referenced exhibits throughout the memorandum of points and authorities are expressly incorporated herein as if set forth in full.
[2] Because the Basic Agreement is 814 pages in length, only relevant portions of the document have been attached.

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

The ULBA waives and relaxes certain terms of the CBA for ultra-low budget films that are filmed entirely in the United States, including allowing the Producers to pay lower rates of compensation to Affected Performers, but provides that except as waived, the terms of the CBA continue to apply and Producers must concurrently agree to the terms of the CBA. Producer filmed the Picture outside the United States in Romania, in violation of the terms of the ULBA, thereby triggering the minimum payment terms and rates set forth in the CBA. (Bradstreet Dec., ¶ 7.)

As a result, Respondent became obligated to pay Performers additional compensation, as required by Section 2 of Schedule A of the Basic Agreement. (Bradstreet Dec., ¶ 8, Exhibit C, pp. 20-21.)

Additionally, pension and health contributions ("P & H") also became due and payable on behalf of Performers pursuant to section 34 of the Basic Agreement. (Bradstreet Dec., ¶ 9, Exhibit C, pp. 11-19.)

Respondent failed or refused to pay the compensation due to Performers. (Bradstreet Dec., ¶ 10.) Because Respondent failed or refused to pay the residuals due to Performers, late payment liquidated damages ("LPLDs") also became due pursuant to Section 31(B) of the General Provisions of the Basic Agreement. (Bradstreet Dec., ¶ 11, Exhibit C, pp.8-10).

B.    Union Obtains Arbitration Award Against Respondent

On or about June 10, 2020, pursuant to the arbitration provision (section 9) of the Basic Agreement, Union served a statement of claim and demand for arbitration ("Demand") on Respondent for failure to pay the compensation, pension and health contributions, and LPLDs due. (Bradstreet Dec., ¶ 12.) A true and correct copy of the Demand is attached to Declaration of Iris. R. Bradstreet as Exhibit D. Said statements of claim and demand for arbitration were served in

accordance with the notice provision section 9 of the Basic Agreement.[3] (Bradstreet Dec., ¶ 13.)

Respondent failed to respond to Demand, therefore an arbitration hearing was scheduled for November 18, 2020. (Bradstreet Dec., ¶ 14.) A true and correct copy of the notice of arbitration hearing is attached to Declaration of Iris. R. Bradstreet as <u>Exhibit E</u>.

A default hearing was held on November 18, 2020 before Arbitrator Michael D. Rappaport (Bradstreet Dec., ¶ 15). Respondent neither appeared nor sought a continuance of the hearing. *Id.* Consequently, Arbitrator Michael D. Rappaport issued an arbitration award ("Arbitration Award") on November 18, 2020, in favor of Union and against UFO Pictures, LLC. *Id.* A true and correct copy of the Arbitration Award is attached to Bradstreet Dec. as <u>Exhibit F</u>. *Id.*

The Arbitration Award provides the following relief:

1. UFO PICTURES LLC ("Producer") is in breach of the CBA.
2. Producer is hereby ordered to pay SAG-AFTRA, on behalf of Affected Performers, the compensation due to Affected Performers appearing in the Picture, late payment liquidated damages ("LPLDs"), pension and health contributions ("P&H"), and an estimate of employer side taxes and payroll house expenses totaling **$163,665.67**, which consists of:

| | |
|---|---|
| Total Salary/LPLDs Due Performers: | $ 123,632.95 |
| P&H: | $ 17,840.61 |
| +Taxes/Expenses: | $ 22,192.11 |
| **GRAND TOTAL:** | **$163,665.67** |

(Bradstreet Dec., ¶ 16, <u>Exhibit F</u>.)

The Arbitration Award was sent to Respondent on December 9, 2020.

---

[3] See Bradstreet Dec., Exh. C. for Arbitration Notice Provision.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(Bradstreet Dec. ¶ 17, <u>Exhibit G</u>.)

Despite Union's demand, Respondent has failed and continues to fail to pay Union the total amount of $163,665.67 as required by the Arbitration Award, and to otherwise comply with said Arbitration Award (Bradstreet Dec., ¶18.)

C.    <u>Union Presently Seeks Confirmation of the Arbitration Award, Entry of Judgment, and Attorney's Fees and Costs</u>

Union hereby seeks an order from this Court confirming the Arbitration Award. Union also requests that judgment be entered in conformity with said Arbitration Award and include an additional award of attorney's fees and costs. Pursuant to Local Rule 7-3, Petitioner Union sent a meet and confer letter to Respondent's last known addresses on October 1, 2024. (Bradstreet Dec., ¶19.) A true and correct copy of the meet and confer letter is attached to Declaration of Iris Bradstreet as <u>Exhibit H</u>. Union hereby seeks an order from this Court confirming the Arbitration Award. Union also requests that judgment be entered in conformity with said Arbitration Award and include an additional award of attorney's fees and costs.

## II.    <u>LAW AND ARGUMENT</u>

A.    <u>This Court Is Empowered To Confirm the Arbitration Award.</u>

The District Courts are empowered to enforce arbitration awards issued in accordance with a collective bargaining agreement. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 597, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1960). The Arbitration Award in favor of Union and against Respondent was awarded pursuant to a collective bargaining agreement, the Basic Agreement. (Bradstreet Dec., <u>Exhibit F</u>.) Section 9(F) of the Basic Agreement provides that the Arbitration Award may be confirmed in any court of competent jurisdiction. (Bradstreet Dec., <u>Exhibit C</u>.) Accordingly, this Court is empowered to confirm and enforce the Arbitration Award.

B.     An Arbitration Award Must Be Confirmed If It Draws Its Essence From the Collective Bargaining Agreement.

Under the *United Steelworkers* trilogy of cases, the Court will not review the substantive merit of an arbitration award made in accordance with a collective bargaining agreement.  See *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d. 1409 (1960); *United Steelworkers v. Enterprise Wheel and Car Co.*, supra.  Instead, the Court will defer to the arbitrator's legal and factual determinations.  *American Postal Workers' Union AFL-CIO v. United States Postal Service*, 682 F.2d 1280, 1284 (9th Cir. 1982), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983).

C.     The Present Arbitration Award Should Be Confirmed Because the Arbitrator Found That Respondent Breached Their Obligations To Union.

In the current case, the Arbitrator applied to the facts the relevant provisions of the Basic Agreement, TAL, and ULBA, , and found that Respondent breached their obligations under said agreements, and awarded monetary and other relief in favor of Union and against Respondent.  A true and correct copy of the Arbitration Award is attached to Bradstreet Dec. as <u>Exhibit F</u>.  As a matter of public policy and in the interest of the stability of labor relations, as well as in accordance with Congress' intent as interpreted by the U.S. Supreme Court, the Basic Agreement and the Arbitration Award must be enforced.  Accordingly, the Arbitration Award should be confirmed and judgment entered in conformity therewith.  *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, at 564.

D.     Petitioner Union Should Be Awarded Its Attorney's Fees and Costs.

Attorney's fees may be recovered in an action brought under Section 301 of the LMRA (29 U.S.C. §185) where a party without justification refuses to abide by the arbitration award. *International Union of Petroleum and Industrial Workers v.*

*Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983); see also *UAW v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (unjustified refusal to abide by arbitration award, combined with failure to act to set aside award, is evidence of bad faith sufficient to warrant attorney's fees).

Respondent has not asserted nor demonstrated any legal justification for failing to comply with the Arbitration Award. Instead, Respondent has consistently failed to pay the amount due in response to Union's notices and has forced the Union to initiate this action in Federal Court to confirm and enforce the Arbitration Award. Considering the prevailing rate for attorney's fees, as well as the estimated 8 hours that Union's attorney worked or will have worked in preparing the present motion and supporting documents as well as court appearance time, Union respectfully requests that this Court award attorney's fees in the amount of $2,400.00 and costs in the amount of $402.00 as set forth in the accompanying declaration. (Bradstreet Dec., ¶¶ 20-27.)

III.   <u>CONCLUSION</u>

For the foregoing reasons, petitioner Screen Actors Guild-American Federation of Television and Radio Artists requests that the Court confirm the Arbitration Award, enter judgment in conformity therewith, and award attorney's fees to SAG-AFTRA in the amount of $2,400.00 and costs in the amount of $402.00.

Dated: November 18, 2024            Respectfully Submitted,

                                    SCREEN ACTORS GUILD-
                                    AMERICAN FEDERATION OF
                                    TELEVISION AND RADIO ARTISTS


                                    By: /s/ Iris R. Bradstreet
                                        Iris R. Bradstreet
                                        Attorney for Petitioner

## DECLARATION OF IRIS R. BRADSTREET

I, IRIS R. BRADSTREET declare as follows:

1.      I am an attorney licensed to practice law in the State of California and admitted to this Court.  I am the attorney of record for petitioner Screen Actors Guild-American Federation of Television and Radio Artists ("Union") in this matter.

2.      This Declaration is submitted in support of Union's motion for order confirming arbitration award and for entry of judgment in conformity therewith.  I prepared the foregoing motion.  The allegations contained in the motion are true to the best of my knowledge, except those that are stated on information and belief.  As to those matters, I believe them to be true.

3.      SAG-AFTRA is the successor-in-interest to SAG and is a union that represents nearly 165,000 media artists who work in motion pictures, television, radio, the internet, and other media formats.

4.      Respondent UFO Pictures, LLC ("Respondent" or "Producer") executed a Theatrical Adherence Letter ("TAL") dated February 27, 2019 and a SAG-AFTRA Ultra Low Budget Agreement ("ULBA") dated March 12, 2019 binding the Producer to the SAG-AFTRA Codified Basic Agreement of 2014, as amended ( "Basic Agreement" or "CBA").  True and correct copies of the TAL and ULBA are attached hereto as Exhibits A and B, respectively, and are incorporated herein by reference.

5.      Producer is signatory to, or otherwise bound by, the terms and conditions of a collective bargaining agreement, the SAG-AFTRA Codified Basic Agreement of 2014, as amended.  True and correct copies of the relevant portions of the Basic Agreement are attached hereto as Exhibit C and incorporated herein by reference.[1]

---

[1] Because the Basic Agreement is 814 pages in length, only relevant portions of the document have been attached.

SUPPORTING DECLARATION

6.     Pursuant to the terms of the TAL, ULBA, and the Basic Agreement, Producer produced the Picture using Union actors or other performers covered by said agreements (collectively "Performers").

7.     The ULBA waives and relaxes certain terms of the CBA for ultra-low budget films that are filmed entirely in the United States, including allowing the Producers to pay lower rates of compensation to Affected Performers, but provides that except as waived, the terms of the CBA continue to apply and Producers must concurrently agree to the terms of the CBA. Producer filmed the Picture outside the United States in Romania, in violation of the terms of the ULBA, thereby triggering the minimum payment terms and rates set forth in the CBA.

8.     As a result, Respondent became obligated to pay Performers additional compensation, as required by Section 2 of Schedule A of the Basic Agreement. (See Exhibit C, pp. 20-21 for relevant section.)

9.     Pension and health contributions ("P & H") also became due and payable on behalf of Performers pursuant to Section 34 of the General Provisions of the Basic Agreement. (See Exhibit C, pp. 11-19 for relevant section.)

10.     Respondent failed or refused to pay the compensation due to Performers.

11.     Because Respondent failed or refused to pay the residuals compensation due to Performers, late payment liquidated damages ("LPLDs") also became due pursuant to Section 31(B) of the General Provisions of the Basic Agreement. (See Exhibit C, pp. 8-10 for relevant section.)

12.     On or about June 10, 2020, pursuant to the arbitration provision (section 9) of the Basic Agreement, Union served a statement of claim and demand for arbitration ("Demand") on Respondent for failure to pay the compensation, pension and health contributions, and LPLDs due.  The Demand is attached hereto as Exhibit D, and incorporated herein by reference.

SUPPORTING DECLARATION

13.    Said statements of claim and demands for arbitration were served in accordance with the notice provision section 9 of the Basic Agreement. (See Exhibit C, pp. 1-7 for relevant section.)

14.    Respondent failed to respond to the statement of claim and demand for arbitration, therefore an arbitration hearing was scheduled for November 20, 2020. A true and correct copy of the notice of arbitration hearing date is attached hereto as Exhibit E.

15.    Based on my review of the file and on the Arbitration Award, a default arbitration hearing was held on November 18, 2020. Respondent neither appeared nor sought a continuance of the November 18, 2020 hearing. Consequently, Arbitrator Michael D. Rappaport issued an arbitration award ("Arbitration Award") on November 18, 2020, in favor of Union and against UFO Pictures, LLC.  A true and correct copy of the Arbitration Award is attached hereto as Exhibit F.

16.    The Arbitration Award provides the following relief:

3.  UFO PICTURES LLC  ("Producer") is in breach of the CBA.
4.  Producer is hereby ordered to pay SAG-AFTRA, on behalf of Affected Performers, the compensation due to Affected Performers appearing in the Picture, late payment liquidated damages ("LPLDs"), pension and health contributions ("P&H"), and an estimate of employer side taxes and payroll house expenses totaling **$163,665.67**, which consists of:

| | |
|---|---|
| Total Salary/LPLDs Due Performers: | $ 123,632.95 |
| P&H: | $ 17,840.61 |
| +Taxes/Expenses: | $ 22,192.11 |
| **GRAND TOTAL:** | **$163,665.67** |

17.    A copy of the Arbitration Award was sent to Respondent on December 9, 2020.  A true and correct copy is attached hereto as Exhibit G.

SUPPORTING DECLARATION

18.    Despite Union's demand, Respondent has failed and continues to fail to pay Union the total amount of $163,665.67 required by the Arbitration Award, and to otherwise comply with said Arbitration Award.

19.    Pursuant to Local Rule 7-3, Petitioner Union sent a meet and confer letter to Respondent's last known addresses on October 1 2024.    Though Respondent did engage in discussions pertaining to this claim, the Parties were not able to reach a resolution. A true and correct copies of the meet and confer letter is attached hereto as Exhibit H.

20.    In addition to confirmation of the Arbitration Award and entry of judgment in conformity therewith, Union seeks attorney's fees and costs.

21.    I have practiced law since 2015 in California, where I was admitted to the Bar in December, 2015.  I am also admitted to practice in the U.S. District Court for the Central District of California.

22.    I have practiced in-house with Union since March, 2017.  In that capacity, I represent Union and its members in a wide variety of arbitrations and litigation arising under Union's collective bargaining agreements.

23.    I have reviewed my activities on behalf of Union in this matter.   In calculating the hours set forth herein, I have considered my time in preparing the present declaration, and related notice of motion and motion, memorandum of points and authorities, proposed judgment, notice of interested parties, as well as correspondence and attempted communications with Respondent and my estimated travel and court time.

24.    I have calculated the reasonable market value of my services by taking the prevailing hourly rate of private attorneys whose practices focus on labor relations law in the entertainment industry and assessing my rate within the lower to mid-range of that scale. Based upon those rates, a reasonable rate for an attorney of my background and experience is $300.00 per hour.

SUPPORTING DECLARATION

25.     Fees awarded in this action will not inure to me personally, but will be paid to Union, a non-profit corporation and certified labor organization.

26.     The compensation for which Union is entitled for my services is $2,400.00, which was computed as follows: 8 hours at $300.00 per hour.

27.     The costs incurred in this action total $402.00 in filing costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, November 18, 2024

/s/ Iris R. Bradstreet
Iris R. Bradstreet

SUPPORTING DECLARATION